Circuit Court for Baltimore City
Case No. C-24-CV-24-001320
Argued: August 28, 2024

IN THE SUPREME COURT

OF MARYLAND

No. 34

September Term, 2023

_____

BALTIMORE CITY BOARD OF
ELECTIONS, ET AL.

v.

MAYOR AND CITY COUNCIL OF
BALTIMORE, ET AL.

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

_____

PER CURIAM ORDER

_____

Filed: August 29, 2024

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

|  | * | IN THE |
|---|---|---|
| BALTIMORE CITY BOARD OF ELECTIONS, ET AL. | * | SUPREME COURT |
|  | * | OF MARYLAND |
| v. | * |  |
| MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL. | * | No. 34 |
|  | * | September Term, 2023 |
|  | * |  |

### PER CURIAM ORDER

Upon consideration of the filings by the Baltimore City Board of Elections and Maryland Child Alliance, et al., the appellants,[1] and the Mayor and City Council of Baltimore, et al., the appellees,[2] and oral argument conducted on August 28, 2024,

Whereas, Maryland Child Alliance is the organizational sponsor of a petition to amend the Charter of Baltimore City by establishing the Baby Bonus Fund (the "Baby Bonus Amendment"); and

Whereas, the Election Director of the Baltimore City Board of Elections determined that the petition did not seek an enactment that was unconstitutional or a result otherwise prohibited by law pursuant to § 6-206(c)(5)(ii) of the Election Law Article and certified the question for the November 2024 general election ballot; and

---

[1] The other named appellants are Armstead B.C. Jones, Sr., Director of the Baltimore City Board of Elections, and Scherod C. Barnes, President of the Baltimore City Board of Elections.

[2] The other named appellees are Michael Mocksten, Director of the Baltimore City Department of Finance, and Robert Cenname, Deputy Director of the Baltimore City Department of Finance. The State Board of Elections and two of its officers are also appellees but have not taken a position on the merits of the dispute.

Whereas, on July 11, 2024, the Mayor and City Council of Baltimore, together with the Director and Deputy Director of the City's Department of Finance, brought suit in the Circuit Court for Baltimore City pursuant to § 6-209(a)(1)(ii) of the Election Law Article, seeking: (1) judicial review of the Baltimore City Board of Elections's certification of the question for placement on the ballot; (2) a writ of mandamus compelling the defendants to perform their statutory duties; (3) a declaratory judgment that the Baby Bonus Amendment is unconstitutional under Article XI-A, § 3, of the Constitution of Maryland; and (4) an injunction barring the question from appearing on the ballot; and

Whereas, on July 12, 2024, Maryland Child Alliance moved to intervene as a defendant; and

Whereas, on July 18, 2024, the circuit court granted Maryland Child Alliance's unopposed motion to intervene; and

Whereas, on July 23, 2024, the Baltimore City Board of Elections filed a motion to dismiss or alternatively for summary judgment on the question of whether the Baby Bonus Amendment violates Article XI-A, § 3, of the Constitution of Maryland; and

Whereas, on the same day, the Mayor and City Council of Baltimore and Maryland Child Alliance filed cross-motions for summary judgment on the same question, and Maryland Child Alliance filed a motion to dismiss on the ground that the Mayor and City Council of Baltimore lacked standing; and

Whereas, on August 9, 2024, after a hearing, the circuit court issued an order denying Maryland Child Alliance's motion to dismiss and the Baltimore City Board of

2

Elections's motion for summary judgment and granting the Mayor and City Council of Baltimore's motion for summary judgment; and

Whereas, in the same order, the circuit court enjoined the Baltimore City Board of Elections from placing the Baby Bonus Amendment on the ballot and entered a memorandum opinion and order in which it declared that the Baby Bonus Amendment violated Article XI-A, § 3, of the Constitution of Maryland because it is not proper charter material; and

Whereas, on August 12, 2024, the Baltimore City Board of Elections and Maryland Child Alliance separately noted a direct appeal from the circuit court's judgment to this Court pursuant to § 6-209(a)(3)(ii) of the Election Law Article; and

Whereas, on August 28, 2024, this Court held oral argument,

Now, therefore, for reasons to be stated later in an opinion to be filed, it is this 29th day of August, 2024, by the Supreme Court of Maryland,

ORDERED, that the Order issued by the Circuit Court for Baltimore City on August 9, 2024 is hereby AFFIRMED. The circuit court correctly determined that the Baby Bonus Amendment violates Article XI-A, § 3, of the Constitution of Maryland because it is not proper "charter material." *See Cheeks v. Cedlair Corp.*, 287 Md. 595, 608 (1980). Accordingly, it cannot be presented on the November 2024 general election ballot. Costs are to be paid by the appellants and the mandate shall issue forthwith.

       /s/ Matthew J. Fader
          Chief Justice